IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LEAZENBY CONSTRUCTION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | 4:11CV3136 |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM AND ORDER |
| CITY OF COUNCIL BLUFFS, | ) | |
| | ) | |
| Defendant. | ) | |

A lawsuit is pending in the United States District Court for the Southern District of Iowa, Western Division between Leazenby Construction, Inc. ("Leazenby") and the City of Council Bluffs ("City"). Leazenby seeks damages arising from the City's alleged "wrongful termination of Leazenby's contract for the construction of a public improvement project for the City, the City's subsequent arbitrary and capricious determination that Leazenby is not a responsible bidder, and the City's de facto debarment of Leazenby from performing public improvement projects for the City without due process." Filing No. 2-1, (Ex. C), pp. 9-21. The complaint alleges the City wrongfully terminated Leazenby's construction contract to remedy sanitary sewer problems near the intersection of 2nd Avenue and I-480 in Council Bluffs, (the "2nd Avenue Project").

Pending in this forum is Leazenby's motion for an order compelling Judds Brothers Construction Company ("Judds Brothers") to produce "[a]ll files, documents, materials pertaining to the 2nd Avenue project in Council Bluffs, Iowa" as commanded by Leazenby's subpoena served upon Judds Brothers on July 26, 2011. Filing No. 1. See also, filing no. 2-1 (subpoena). Judds Brothers took over the City's sewage project following Leazenby's termination, and is currently completing the sanitary sewer installation of the 2nd Avenue Project.

Judds Brothers objected to Leazenby's subpoena, stating the information requested would include trade secrets, other confidential and proprietary information, and information protected by the attorney-client privilege and work product doctrine. Judds Brothers also claims the discovery request is overbroad and vague, it seeks irrelevant information, and compliance with Leazenby's subpoena request would be unduly burdensome and very expensive. Filing No. 2-1, p. 7 (Ex. B). Judds Brothers asserts that Leazenby should be required to obtain the documents from the City, a party, rather than forcing Judds Brothers, a non-party, to expend the time and money needed to respond to a Rule 45 subpoena. Judds Brothers argues:

> [I]n the matter now presented to this Court, it is extremely difficult to define any materially relevant documents regarding the construction in question that are not already in the hands of the City and thus in the hands of (or discoverable by) Leazenby.

Filing No. 11, p. 6

Judds Brothers claims the subpoena represents "a very expensive and intrusive attempt by Leazenby to search through the records of its competitor (Judds)." Filing No. 11, p. 7. As explained in the affidavit of John R. Judds:

> Judds and Leazenby construction are direct competitors in the construction business. Allowing Leazenby access to "all" documents of Judds "pertaining" to this construction project would afford and provide Leazenby with a one sided and incredibly unfair competitive advantage and knowledge of the business, operational, management, and financial affairs of Judds. Judds certainly does not want its proprietary and confidential information including its tax, financial, operational, employee and personnel information, and management policies and procedures to be reviewed by one of its competitors under and through the guise of foreign litigation.

Filing No. 12-1, p. 4, ¶ 15.

-2-

On close reading, Leazenby claims it needs all of Judds Brothers' 2nd Avenue project documentation so Leazenby can "determine whether Judds Bros. encountered the same settlement issues on the project as Leazenby, and whether the City changed its design or relaxed its tolerances for Judds Bros." Filing No. 3, p. 5, ¶ 19.   The issues raised by Leazenby are construction design, modification, and performance questions, and the information relevant to these issues should be obtainable from the City.  Judds Brothers may have documents relevant to these issues, but Leazenby's document request is far broader than its identified need.  By way of example only (not as a complete listing), pricing documents, work logs, timesheets, overhead calculations, tax records and filings, receipts, budgets, inventories, and accounting information would appear to be irrelevant to Leavenby's stated reasons for needing the discovery.   If narrowed to what Leavenby actually needs, the request may not be overly broad or unduly burdensome, and Judds Brothers may not have a basis for claiming trade secret, attorney-client, or work product confidentiality.  But in its current posture, which encompasses Judds Brothers' internal business and pricing information, Leavenby's request would conceivably require Judds Brothers to expend substantial resources to compile and produce many irrelevant documents, including documents containing confidential, but irrelevant, business information.

The foregoing issues may have been promptly resolved if the parties had talked more and filed less.  So the court will deny Leavenby's motion to compel, but without prejudice to re-filing should the parties be unable to reach a discovery agreement consistent with the parameters and spirit of this memorandum and order.  However, as to any future motion to compel, the court will not consider the merits absent the parties' compliance with the following threshold steps:

1)   The parties must discuss the matter thoroughly and in good faith to resolve what they can.  These discussions shall include the following:

--      Leazenby shall narrow its request to comply with its stated need for information;

--      If, after the requests are narrowed, Judds Brothers still claims privilege or confidentiality protection from discovery for any responsive documents, the parties (perhaps in conjunction with the City) shall consider and discuss whether a protective order and/or an order entered under Rule 502(d) and (e) of the Federal Rules of Evidence will ameliorate those concerns such that discovery can move forward.

2)      If Judds Brothers is claiming information is confidential and protected from discovery, and these issues cannot be resolved by a protective order, it must create a log of the responsive documents being withheld, and present that log to Leazenby for further consideration and discussion; and

3)      If, after completing the foregoing steps, the discovery dispute remains, a motion may be filed.  The motion and/or supporting brief and evidence shall specifically identify any document production issues that cannot be resolved without court intervention; and

-       if the motion is filed by Leazenby, it shall be accompanied by an explanation which explains, with specificity as to legal issue, why the requested information is needed;

-       if the moving party is Judds Brothers, it must explain, with specificity, the basis for its objections.

Any future motion must be accompanied by a statement which verifies that the threshold steps for filing the motion, as outlined in the memorandum and order, have been completed.  To assure that the proceedings in this court do not stall the underlying case, any future discovery motion between Leazenby and Judds Brothers must be filed on or before November 18, 2011.

-4-

Accordingly,

IT IS ORDERED:

1)   Defendant Judds Brothers' objection, (filing no. 11), is sustained.

2)   The plaintiff's motion to compel, (filing no. 1), is denied without prejudice to
either party re-filing a motion, if necessary, in compliance with the
prerequisites and deadline set forth in this memorandum and order.

DATED this 15th day of September, 2011.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge